## MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2017, 11:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Stone, IV
Stone Law Office & Legal Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent*,

v.

Matthew Stidham,

*Appellee-Plaintiff*.

October 18, 2017

Court of Appeals Case No.
18A02-1701-PC-68

Appeal from the Delaware Circuit Court

The Honorable Kimberly S. Dowling, Judge

Trial Court Cause No.
18C02-1602-PC-3

**Brown, Judge.**

The State appealed the post-conviction court's grant of a petition for post-conviction relief filed by Matthew Stidham. *See State v. Stidham*, No. 18A02-1701-PC-68, slip op. at 2 (June 14, 2017). We found the issue of whether the post-conviction court entered an appropriate order with respect to Stidham's sentence to be dispositive and remanded. *Id.* The State petitions for rehearing and argues that this Court should address its arguments that Stidham's sentencing claim was barred from review by procedural default, that Stidham's sentence did not violate the Eighth Amendment, and that the post-conviction court could not revisit a sentence found not unreasonable or disproportionate by the Indiana Supreme Court. The State also argues that we should grant rehearing to clarify a jurisdictional issue, i.e., whether this Court has retained jurisdiction or whether a new notice of appeal will be necessary. We grant rehearing to clarify that we retain jurisdiction and remand for the post-conviction court to issue a new sentencing order consistent with our opinion. After the post-conviction court issues its amended sentencing order, we will address the State's issues on the merits. The State may file a revised brief, without a new notice of appeal, within thirty days of the issuance of the post-conviction court's revised order and Stidham may file a revised brief within forty-five days of the post-conviction court's order or thirty days of the State's revised brief, whichever is later.

May, J., and Pyle, J., concur.